UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
LAUREN MARINO,

                         Plaintiff,

          -against-

ARSTRAT, LLC,

                         Defendant.
------------------------------------------------------------x

Civil Docket No.:

1:21-cv-1122

**NOTICE OF REMOVAL**

TO: CLERK - UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF NEW YORK

<u>**NOTICE OF REMOVAL**</u>

      **PLEASE TAKE NOTICE THAT**, pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1331, Defendant ARstrat, LLC ("Defendant"), by and through its counsel, Marshall Dennehey Warner Coleman & Goggin, P.C., hereby removes the action captioned as <u>Lauren Marino v. ARstrat, LLC</u>, Index No. 600454/2021, as filed in the Supreme Court of the State of New York, County of Nassau ("the Action"), to the United States District Court for the Eastern District of New York, based upon the following:

      1.      The Action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331, and is one which may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441, in that Plaintiff has alleged that Defendant has violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*., thereby asserting a claim that arises under federal law.

      2.      The Court has supplemental jurisdiction over the state law claim pursuant to 28 U.S.C. § 1367 as the state law claim is so related to the federal claim in the Action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

3.      On or about January 12, 2021, Plaintiff filed the Action in the Supreme Court of the State of New York, County of Nassau.  (A true and correct copy of the Summons and Complaint along with the Affidavit of Service is attached hereto as Exhibit A.)

4.      Plaintiff's counsel faxed an un-served "courtesy copy" of the Complaint to Defendant's offices on January 15, 2021.

5.      On January 19, 2021, Plaintiff served the Summons and Complaint via the New York Secretary of State.  (See Exhibit A.)

6.      On February 23, 2021, Defendant received the Summons and Complaint that had been served upon the New York Secretary of State.

7.      The thirty-day removal period begins to run when the defendant is formally served with the summons and complaint, not when it receives a courtesy copy of the complaint. *See Montoya v. New York State United Teachers*, 754 F.Supp.2d 466 (2010); *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 347–48, 119 S.Ct. 1322, 143 L.Ed.2d 448 (1999) (Holding that the running of the thirty-day removal period is triggered by "simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, *but not by mere receipt of the complaint unattended by any formal service.*")

8.      Further, the thirty-day statutory removal period is triggered by the actual receipt of the pleadings by the corporate defendant, rather than by service of process upon the designated corporate agent.  *See Grello v. J.C. Penny Corp.*, No 03 CIV. 8245 (CSH), 2003 WL 22772397, at *1 (S.D.N.Y. Nov. 21, 2003); *see also Medina v. Wal-Mart Stores, Inc.*, 945 F. Supp. 519, 520 (W.D.N.Y. 1996) ("A strict reading of the statute supports the position that the thirty-day period does not begin to run until the defendant actually receives a copy of the

pleadings."); *Cygielman v. Cunard Line,* 890 F.Supp. 305, 307 (S.D.N.Y., 1995) ("In this Circuit '[t]he heavy weight of authority is to the effect that the time for removal, in cases in which service is made on a statutory agent, runs from receipt of the pleading by the defendant rather than the statutory agent.'")

9.      Based on the foregoing, Defendant has timely filed this Notice of Removal within thirty days of being served with the Complaint and within thirty days of the date that the Action was first removable.  *See* 28 U.S.C. § 1446(b).

10.     In that Plaintiff alleges that she resides within Nassau County, New York, the United States District Court for the Eastern District of New York should be assigned the Action pursuant to 28 U.S.C. § 1391(b)(2).

11.     Pursuant to 28 U.S.C. § 1446(d), Defendant will serve Plaintiff with a copy of this Notice of Removal and will file the Notice of Removal in the Supreme Court of the State of New York, County of Nassau.

12.     By filing this Notice of Removal, Defendant does not waive any defenses, including, without limitation, lack of personal jurisdiction, improper venue or forum, failure to establish damages, all defenses specified in Federal Rules of Civil Procedure 12, or any other defenses.

13.     WHEREFORE, Defendant ARstrat, LLC gives notice that the above-referenced action, pending against it in the Supreme Court of the State of New York, County of Nassau, has been removed to this Court.

Dated:  New York, New York
       March 2, 2021

Respectfully submitted,

**MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN, P.C.**

By:    _____

      R. David Lane Jr. (RL 2806)
      Wall Street Plaza
      88 Pine Street, 21st Floor
      New York, New York 10005
      Tel: 212.376.6413
      rdlane@mdwcg.com
      *Attorneys for Defendant*
      *ARstrat, LLC*

To:    Law Office of Simon Goldenberg, PLLC
       ***Attorneys for Plaintiff – Lauren Marino***
       818 East 16th Street
       Brooklyn, New York 11230
       Tel: (347) 640-4357

4

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x           Civil Docket No.:
LAUREN MARINO,
                                                                         1:21-cv-1122
                              Plaintiff,

                  -against-


ARSTRAT, LLC,

                              Defendant.
-------------------------------------------------------------x


<u>CERTIFICATE OF SERVICE</u>

This will certify that I have this day caused to be served a copy of the within and foregoing Notice of Removal upon the following parties at the e-mail address(es) noted below designated by said attorney(s) for that purpose.  **<u>Due to the COVID-19 Pandemic, no copies were sent via regular mail</u>**.

Law Office of Simon Goldenberg, PLLC
***Attorneys for Plaintiff – Lauren Marino***
818 East 16th Street
Brooklyn, New York 11230
Tel: (347) 640-4357
**E-mail: <u>simon@goldenbergfirm.com</u>**


Dated: New York, New York
       March 2, 2021

                                   Respectfully Submitted

                                   R. David Lane Jr. (RL 2806)